UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

DIANNA BURKINDINE

    Plaintiff,

V.                                                CIVIL ACTION NO

BRONSON & MIGLIACCIO, LLP

    Defendant.                                NOVEMBER 24, 2009

## COMPLAINT

1. Plaintiff seeks relief pursuant to the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692; Md. Ann. Code Commercial Law Maryland Consumer Debt Collection Act. § 14-204 et seq. ("MCDCA"); and the Md. Ann. Code Commercial Law Consumer Practices Act § 13-301 et seq.

2. The Court's jurisdiction is conferred by 15 U.S.C.1692k and 28 U.S.C. 1331 and 1367.

3. Plaintiff is a natural person who resides in Churchville, MD.

4. Plaintiff is a consumer within the FDCPA.

5. Defendant is a debt collector within the FDCPA.

6. Defendant communicated with Plaintiff or others on or after one year before the date of this action, in connection with collection efforts with regard to Plaintiff's disputed personal debt.

7. The Plaintiff contacted the Defendant via telephone in an attempt to dispute a debt alleged by Defendant to be owed by plaintiff.

8. The Defendant advised Plaintiff that she had no right to dispute the alleged debt owed, in violation of §1692g.

9. The Defendant failed to advise the Plaintiff of the required notice pursuant to §1692e (11).

10. The Defendant through their agent Mr. Higgins stated to the Plaintiff that a sheriff should have already been to her home for a list of her assets and that he would write down everything she owed, to be sold at auction to pay off the $2,489.90 debt.

11. The Defendant through their agent (Mr. Higgins) stated that he was sure the sheriff had already come to Ms. Burkindine's home to audit her assets and that is why she was calling to dispute the debt.

12. The Defendant through their agent stated that they had judgment against the Plaintiff.

13. The Defendant through their agent stated that the Plaintiff should expect company at her house in the very near future.

14. In the collection efforts, the Defendant violated the FDCPA, inter alia, section 1692e and g.

## SECOND COUNT

15. The allegations of the First Count are repeated and realleged as if fully set forth herein.

16. Within three years prior to the date of this action Defendant has engaged in acts and practices as to Plaintiff in violation of the Md. Ann. Code <u>Commercial Law</u> Maryland Consumer Debt Collection Act § 14-204 et seq. ("MCDCA").

17. Defendant has committed unfair or deceptive acts or practices within the meaning of the Md. Ann. Code <u>Commercial Law</u> Consumer Practices Act § 13-301 et seq.

WHEREFORE Plaintiff respectfully requests this Court to:

1. Award Plaintiff such damages as are permitted by law both compensatory and punitive, including $1,000 statutory damages for each communication against the defendant;

2. Award the Plaintiff costs of suit and a reasonable attorney's fee;

3. Award declaratory and injunctive relief, and such other and further relief as law or equity may provide

THE PLAINTIFF

BY /s/ *[signature]*
Bernard T. Kennedy, Esquire
The Kennedy Law Firm
P.O. Box 657
Edgewater, MD 21037
Ph  (443) 607-8901
Fax (443) 607-8903
Fed. Bar # Md26843
bernardtkennedy@yahoo.com